UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| EDWARD GARCIA,<br><br>   Plaintiff,<br><br>   v.<br><br>NANCY A. BERRYHILL[1],<br>Acting Commissioner of Social Security,<br><br>   Defendant. | Case No.: 1:15-cv-01951 - JLT<br><br>ORDER DIRECTING ENTRY OF JUDGMENT IN FAVOR OF DEFENDANT, NANCY BERRYHILL, ACTING COMMISSIONER OF SOCIAL SECURITY, AND AGAINST PLAINTIFF EDWARD GARCIA |

Edward Garcia asserts he is entitled to a period of disability, disability insurance benefits, and supplemental security income under Titles II and XVI of the Social Security Act. Plaintiff argues the administrative law judge erred in evaluating the record and seeks judicial review of the decision to deny his applications for benefits. For the reasons set forth below, the decision is **AFFIRMED**.

## PROCEDURAL HISTORY

Plaintiff filed his applications for benefits on September 26, 2012, alleging disability beginning on October 5, 2011. (Doc. 10-3 at 15) The Social Security Administration denied Plaintiff's applications at both the initial level and upon reconsideration. (*See generally* Doc. 10-4) After requesting a hearing, Plaintiff testified before an ALJ on January 21, 2014. (Doc. 10-3 at 15, 30) The

---

[1] Nancy A. Berryhill is now the Acting Commissioner of Social Security. Pursuant to Rule 25(d) of the Federal Rules of Civil Procedure, Nancy A. Berryhill is substituted for her predecessor, Carolyn W. Colvin, as the defendant.

1

ALJ determined Plaintiff was not disabled and issued an order denying benefits on August 7, 2014. (*Id.* at 15-22)  When the Appeals Council denied Plaintiff's request for review of the decision on October 27, 2015 (*id.* at 2-4), the ALJ's findings became the final decision of the Commissioner of Social Security ("Commissioner").

## STANDARD OF REVIEW

District courts have a limited scope of judicial review for disability claims after a decision by the Commissioner to deny benefits under the Social Security Act. When reviewing findings of fact, such as whether a claimant was disabled, the Court must determine whether the Commissioner's decision is supported by substantial evidence or is based on legal error. 42 U.S.C. § 405(g).  The ALJ's determination that the claimant is not disabled must be upheld by the Court if the proper legal standards were applied and the findings are supported by substantial evidence.  *See Sanchez v. Sec'y of Health & Human Serv.*, 812 F.2d 509, 510 (9th Cir. 1987).

Substantial evidence is "more than a mere scintilla.  It means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Richardson v. Perales*, 402 U.S. 389, 401 (1971) (quoting *Consol. Edison Co. v. NLRB*, 305 U.S. 197 (1938)).  The record as a whole must be considered, because "[t]he court must consider both evidence that supports and evidence that detracts from the ALJ's conclusion."  *Jones v. Heckler*, 760 F.2d 993, 995 (9th Cir. 1985).

## DISABILITY BENEFITS

To qualify for benefits under the Social Security Act, Plaintiff must establish he is unable to engage in substantial gainful activity due to a medically determinable physical or mental impairment that has lasted or can be expected to last for a continuous period of not less than 12 months.  42 U.S.C. § 1382c(a)(3)(A).  An individual shall be considered to have a disability only if:

> his physical or mental impairment or impairments are of such severity that he is not only unable to do his previous work, but cannot, considering his age, education, and work experience, engage in any other kind of substantial gainful work which exists in the national economy, regardless of whether such work exists in the immediate area in which he lives, or whether a specific job vacancy exists for him, or whether he would be hired if he applied for work.

42 U.S.C. § 1382c(a)(3)(B).  The burden of proof is on a claimant to establish disability.  *Terry v. Sullivan*, 903 F.2d 1273, 1275 (9th Cir. 1990).  If a claimant establishes a prima facie case of disability,

the burden shifts to the Commissioner to prove the claimant is able to engage in other substantial gainful employment. *Maounois v. Heckler*, 738 F.2d 1032, 1034 (9th Cir. 1984).

## ADMINISTRATIVE DETERMINATION

To achieve uniform decisions, the Commissioner established a sequential five-step process for evaluating a claimant's alleged disability. 20 C.F.R. §§ 404.1520, 416.920(a)-(f). The process requires the ALJ to determine whether Plaintiff (1) engaged in substantial gainful activity during the period of alleged disability, (2) had medically determinable severe impairments (3) that met or equaled one of the listed impairments set forth in 20 C.F.R. § 404, Subpart P, Appendix 1; and whether Plaintiff (4) had the residual functional capacity ("RFC") to perform to past relevant work or (5) the ability to perform other work existing in significant numbers at the state and national level. *Id.* The ALJ must consider testimonial and objective medical evidence. 20 C.F.R. §§ 404.1527, 416.927.

Pursuant to the five-step process, the ALJ determined Plaintiff did not engage in substantial gainful activity after the alleged onset date of October 5, 2011. (Doc. 10-3 at 17) At step two, the ALJ found Plaintiff's "left lower extremity fracture of the tibia and fibula" was a severe impairment. (*Id.*) At step three, the ALJ determined Plaintiff did not have an impairment, or combination of impairments, that met or medically equaled a Listing, including Listings 1.02 and 1.06. (*Id.* at 18) Next, the ALJ determined:

> [T]he claimant has the residual functional capacity to perform sedentary work, as defined in 20 CFR 404.1567(a) and 416.967(a), except he must use a single-point cane for ambulation. The claimant can occasionally climb ramps and stairs, can never climb ladders, ropes or scaffolds, occasionally balance and stoop, and never kneel, crouch, and crawl. He has no manipulative limitations. The claimant must avoid concentrated exposure to extreme cold and moderate exposure to hazards, such as unprotected heights and dangerous machinery.

(*Id.* at 18) Based upon this RFC, the ALJ concluded Plaintiff was "unable to perform any past relevant work." (*Id.* at 21) However, the ALJ determined Plaintiff was able to perform other "jobs that exist in significant numbers in the national economy," such as bench hand assembler, DOT 715.684-026; table worker, DOT 739.687-182; and surveillance system monitor, DOT 379.367-010. (*Id.* at 21-22) Consequently, the ALJ found Plaintiff was not disabled as defined by the Social Security Act. (*Id.* at 22)

///

# DISCUSSION AND ANALYSIS

Plaintiff's sole argument on appeal is that the ALJ erred at step-five of the sequential evaluation in finding that he is able to perform work as a bench hand assembler, table worker, and surveillance system monitor. (Doc. 15 at 9-10) According to Plaintiff, the ALJ failed to address conflicts between the testimony of the vocational expert—who concluded Plaintiff could work with the residual functional capacity identified by the ALJ— and the physical requirements of these jobs as defined by the *Dictionary of Occupational Titles*. (Doc. 15 at 9-10)

### A.     Step Five of the Sequential Evaluation

At step five, the burden shifts to the Commissioner to show that Plaintiff can perform other substantial gainful activity and a "significant number of jobs exist in the national economy" which Plaintiff can perform. *Kail v. Heckler*, 722 F.2d 1496, 1498 (9th Cir. 1984); *see also Osenbrock v. Apfel,* 240 F.3d 1157, 1162 (9th Cir. 2001) (discussing the burden shift at step five). To make this determination, the ALJ may rely upon job descriptions in the *Dictionary of Occupational Titles*, which classifies jobs by their exertional and skill requirements, and is published by the United States Department of Labor, Employment & Training Administration. *Terry v. Sullivan*, 903 F.2d 1273, 1276 (9th Cir. 1990); 20 C.F.R. § 404.1566(d)(1). In the alternative, the ALJ may call a vocational expert "to testify as to (1) what jobs the claimant, given his or her functional capacity, would be able to do; and (2) the availability of such jobs in the national economy." *Tackett v. Apfel*, 180 F.3d 1094, 1101 (9th Cir. 1999); *see also* Social Security Ruling ("SSR") 00-4p, 2000 WL 1898704 at *2 ("In making disability determinations, we rely primarily on the DOT . . . for information about the requirements of work in the national economy.")

The ALJ called Victoria Rei, a vocational expert ("VE"), "[t]o determine the extent to which [Plaintiff's] limitations erode the unskilled sedentary occupational base." (Doc. 10-3 at 22) Specifically, the ALJ asked the VE to consider "a hypothetical individual with the same age, education level, and work experience as [Plaintiff]." (*Id.* at 44) The ALJ indicated the person used "a single cane assistive device for ambulation;" and was limited to "occasional" climbing of ramps and stairs, balancing, and stooping; and "never" kneeling, crouching, crawling, or climbing ladders, ropes, and scaffolds. (*Id.*) The ALJ stated the hypothetical individual also needed "to avoid concentrated

exposure to extreme cold and avoid moderate exposure to hazards such as unprotected heights and dangerous machinery." (*Id.* at 45) Finally, the ALJ stated the person was limited to sedentary work, and could stand and walk "two out of eight" hours. (*Id.* at 45-56) With these limitations, the VE opined Plaintiff could perform unskilled sedentary work. (*Id.* at 46) As examples, the VE identified jobs as bench hand assembler, DOT 715.684-026; table worker, DOT 739.687-182; and surveillance monitory, DOT 379.367-010. (*Id.*) The VE did not report whether this conflicted with the *Dictionary of Occupational Titles*, and Plaintiff's counsel did not question the VE regarding any conflicts between her testimony and the *Dictionary of Occupational Titles* at the hearing. (*See* Doc. 10-3 at 46-48)

**B.    Conflicts with the *Dictionary of Occupational Titles***

Pursuant to SSR 00-4p[2], occupational evidence provided by a vocational expert "generally should be consistent with the occupational information supplied by the DOT." *Id.*, 2000 WL 1898704 at *2. When there is a conflict between the testimony of the vocational expert and the *Dictionary of Occupational Titles*, "the adjudicator must elicit a reasonable explanation for the conflict before relying on the [vocational expert testimony] to support a determination or decision about whether the claimant is disabled." *Id.* Further, SSR 00-4p provides:

> At the hearings level, as part of the adjudicator's duty to fully develop the record, the adjudicator will inquire, on the record, as to whether or not there is such consistency.
>
> Neither the DOT nor the [vocational expert] evidence automatically "trumps" when there is a conflict. The adjudicator must resolve the conflict by determining if the explanation given by the [vocational expert] is reasonable and provides a basis for relying on the [vocational expert] testimony rather than on the DOT information.

*Id.* Accordingly, the Ninth Circuit has determined an ALJ must inquire "whether the testimony conflicts with the *Dictionary of Occupational Titles*," and may only rely upon conflicting expert testimony when "the record contains persuasive evidence to support the deviation." *Massachi v. Astrue*, 486 F.3d 1149, 1153 (9th Cir. 2007); *Johnson v. Shalala*, 60 F.3d 1428, 1435 (9th Cir. 1995).

///

---

[2] Social Security Rulings are "final opinions and orders and statements of policy and interpretations" issued by the Commissioner. 20 C.F.R. § 402.35(b)(1). While SSRs do not have the force of law, the Ninth Circuit gives the rulings deference "unless they are plainly erroneous or inconsistent with the Act or regulations." *Han v. Bowen*, 882 F.2d 1453, 1457 (9th Cir. 1989); *see also Avenetti v. Barnhart*, 456 F.3d 1122, 1124 (9th Cir. 2006) ("SSRs reflect the official interpretation of the [SSA] and are entitled to 'some deference' as long as they are consistent with the Social Security Act and regulations").

1. Waiver

As an initial matter, Defendant appears to argue Plaintiff has waived the right to appeal the step-five conclusion because Plaintiff's counsel "took the opportunity to cross-examine the VE, yet asked no questions about a perceived conflict with the DOT." (Doc. 18 at 5-6)  Defendant argues, "If counsel had raised the issue of a potential conflict at the hearing, it could have been dealt with administratively—rather than waiting until the matter is before this Court." (*Id.* at 6, citing *Solorzano v. Astrue*, 2012 WL 84527, at *6 (C.D. Cal. Jan. 10, 2012))

However, this Court determined that "the fact that Plaintiff's representative did not challenge the VE's testimony as inconsistent with the DOT at the time of the hearing is not conclusive as to whether an apparent conflict exists, nor does it constitute a waiver of the argument." *Gonzalez v. Astrue*, 2012 WL 2064947 at *4 (E.D. Cal. June 7, 2012).  The Court explained that "while it was unfortunate that the claimant's representative did not challenge [an] apparent conflict between the VE's testimony and the DOT at the hearing so that it could have been addressed by the ALJ, the Supreme Court has nonetheless held 'that a plaintiff challenging a denial of benefits under 42 U.S.C. § 405(g) need not preserve issues in the proceedings before the Commissioner or her delegates.'" *Id.*, quoting *Hackett v. Barnhart*, 395 F.3d 1168, 1176 (10th Cir.2005) (citing *Sims v. Apfel*, 530 U.S. 103 (2000)).  Thus, the Court concludes that failure to question the VE regarding conflicts at the administrative hearing does not result in a waiver of the issue.

2. Whether conflicts exist

Plaintiff contends the jobs identified by the vocational expert and the ALJ "have requirements that exceed [Plaintiff's] functional limitations." (Doc. 15 at 10)  On the other hand, Defendant contends there were no conflicts between the testimony of the vocational expert and the *Dictionary of Occupational Titles*. (Doc. 18 at 5-8)

a. Bench hand assembler and table worker positions

Plaintiff asserts, "according to the DOT's explanation of the requirements of the positions of Bench Hand Assembler and Table Worker, both of these jobs actually require standing 55% of a usual work period." (Doc. 15 at 10, citing DOT 715.684-026, 739.687-182)  Notably, Plaintiff does not cite any language in the *Dictionary of Occupational Titles* that supports this contention.  To the contrary,

both the positions of bench hand assembler and table worker identify the work as "sedentary," explaining it "involves sitting most of the time, but may involve walking or standing for brief periods of time." DOT 715.684-026, 1991 WL 679344 (bench hand assembler); DOT 739.687-182, 1991 WL 680217 (table worker). Thus, the vocational expert's testimony that a person limited to sedentary work could perform these positions was consistent with the *Dictionary of Occupational Titles.*

Moreover, the vocational expert's testimony regarding Plaintiff's postural limitations and environmental restrictions was consistent with the *Dictionary of Occupational Titles.* Both the bench hand assembler and table worker job descriptions indicate that the worker is not required to do any climbing, balancing, stooping, kneeling, crouching, or crawling. *See* DOT 715.684-026, 1991 WL 679344 (bench hand assembler); DOT 739.687-182, 1991 WL 680217 (table worker). Further, these positions to do not involve *any* exposure to extreme cold or hazardous working conditions. *Id.* Thus, the VE's opinion that an individual required "to avoid concentrated exposure to extreme cold and avoid moderate exposure to hazards such as unprotected heights and dangerous machinery" could perform the job duties of a bench hand assembler and table worker does not conflict with the *Dictionary of Occupational Titles.*

        b.      *Surveillance monitor position*

Plaintiff also contends the ALJ erred in finding he is able to work as surveillance system monitor because he "is limited to using a cane to ambulate, and can only occasionally balance or climb stairs." (Doc. 15 at 10) According to Plaintiff, his "limited physical ability is in apparent conflict with the DOT's description of the job's requirements." (*Id.*)

The *Dictionary of Occupational Titles* defines the position of surveillance system monitor as including the following duties:

> Monitors premises of public transportation terminals to detect crimes or disturbances, using closed circuit television monitors, and notifies authorities by telephone of need for corrective action: Observes television screens that transmit in sequence views of transportation facility sites. Pushes hold button to maintain surveillance of location where incident is developing, and telephones police or other designated agency to notify authorities of location of disruptive activity. Adjusts monitor controls when required to improve reception, and notifies repair service of equipment malfunctions.

DOT 379.397-010, 1991 WL 673244. Thus, as the Ninth Circuit summarized, "a surveillance system monitor is a security employee responsible for monitoring security cameras in public transportation

terminals." *Zavalin v. Colvin*, 778 F.3d 842, 848 (9th Cir. 2015).

Importantly, the *Dictionary of Occupational Titles* indicates balancing and climbing are activities and conditions that "do[] not exist" with the physical demands of a surveillance system monitor. DOT 379.397-010, 1991 WL 673244. The job description does not suggest that surveillance monitors would be required to go to sites where a crime or disturbance was underway. Rather, the individuals were to notify others of necessary action and simply push "[a] Pushes hold button to maintain surveillance of location where [an] incident is developing." *See id.* Consequently, Plaintiff fails to identify any conflict between the surveillance system monitor job description and the vocational expert's testimony that he could perform the duties of the position.

## CONCLUSION AND ORDER

For the reasons set forth above, the Court finds the vocational expert's testimony did not conflict with the job descriptions in the *Dictionary of Occupational Titles*, and the ALJ did not err in relying on her testimony at step five of the sequential evaluation. Because the ALJ applied the proper legal standards and the decision is supported by substantial evidence in the record, the conclusion that Plaintiff is not disabled must be upheld by the Court. *See Sanchez*, 812 F.2d at 510.

Accordingly, the Court **ORDERS**:

1. The decision of the Commissioner of Social Security is **AFFIRMED**;
2. The Clerk of Court **IS DIRECTED** to enter judgment in favor of Defendant Nancy A. Berryhill, Acting Commissioner of Social Security, and against Plaintiff Edward Garcia.

IT IS SO ORDERED.

Dated:   **March 9, 2017**         /s/ Jennifer L. Thurston
                                      UNITED STATES MAGISTRATE JUDGE